## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MARY MAYS,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0810** (BOR Appeal No. 2055324)
                         (Claim No. 2018020706)

**AMEDISYS, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mary Mays, by counsel J. Thomas Greene Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Amedisys, Inc., by counsel Karin L. Weingart, filed a timely response.

The issue on appeal is the amount of permanent partial disability in the claim. The claims administrator granted Ms. Mays a 2% permanent partial disability award in an Order dated June 27, 2018. On April 24, 2020, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated September 18, 2020, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Ms. Mays is a Registered Nurse Case Manager who was injured in the course of and resulting from her employment as a hospice nurse on March 15, 2018, when the vehicle she was driving was T-boned by another vehicle. As a result of the accident, Ms. Mays injured her neck, back, and left arm. She was taken to the Emergency Center at Monongalia General Hospital Medical Center, where she filled out an Employees' and Physicians' Report of Occupational Injury. X-rays showed degenerative changes to the cervical spine, and she was diagnosed with an occupational injury resulting in a cervical spine strain. By Order of the claims administrator dated March 20, 2018, the claim was held compensable for left shoulder sprain/strain and neck sprain/strain.

Ms. Mays was placed on modified duty with work restrictions of lifting and carrying no more than five pounds and no pulling, pushing or reaching overhead. She was later taken off work due to her restrictions because her job, as a hospice nurse, required her to lift at least fifty pounds. X-rays of the left shoulder revealed no acute findings. An MRI of Ms. Mays's cervical spine performed on April 14, 2018, revealed osteophytes from C3-4 through C6-7 and degenerative disc bulging at C4-5, C5-6, and C6-7. The final impression was degenerative disc and bony changes with mild foraminal narrowing.

Ms. Mays saw P. Kent Thrush, M.D., for an Independent Medical Evaluation on May 9, 2018. Dr. Thrush noted that a recent MRI of the cervical spine revealed degenerative disc and bony changes with mild foraminal narrowing. He also found that a recent x-ray showed no acute abnormalities. Physical examination of the neck revealed normal range of motion with pain at the extremes. The left shoulder showed slight limited range of motion. Although Ms. Mays complained of pain in the third finger and numbness in the left hand, there was no objective evidence of sensory deficits in the upper extremities. Dr. Thrush diagnosed Ms. Mays with cervical and left shoulder sprain. He anticipated that she would reach maximum medical improvement within six weeks after completion of her authorized physical therapy sessions.

Dr. Thrush supplied an addendum report dated June 19, 2018, in which he opined that Ms. Mays's compensable injury of March 15, 2018, resulted in a cervical sprain superimposed

2

upon moderately advanced, pre-existing degenerative arthritis and degenerative disc disease. Dr. Thrush rated Ms. Mays at 2% whole person impairment for range of motion abnormalities in left shoulder flexion, abduction, and internal rotation. In an Order dated June 27, 2018, the claims administrator granted Ms. Mays a 2% permanent partial disability award based upon Dr. Thrush's addendum report of June 19, 2018. Ms. Mays protested the claims administrator's decision.

Ms. Mays was seen at MedExpress on July 1, 2018, for a follow-up evaluation. Physical examination revealed full, but painful, range of motion of her neck and pain upon palpation of her left shoulder. The assessment was left shoulder and cervical spine sprain. An EMG study conducted on November 13, 2018, by Karen Barr, M.D., showed electrodiagnostic evidence of left carpal tunnel syndrome and left cubital tunnel syndrome. It did not reveal cervical radiculopathy or brachial plexopathy.

In support of her protest, Ms. Mays submitted an Independent Medical Evaluation by Karl C. Boone, D.C., dated April 11, 2019, who concluded that she has reached maximum medical improvement with respect to her compensable injuries and required no further medical treatment. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("AMA *Guides*"), Dr. Boone assessed Ms. Mays's cervical spine at 6% whole person impairment under Category II-C of Table 75, 2% whole person impairment for range of motion abnormalities of the cervical spine, and 2% whole person impairment for sensory impairment under Table II. In applying the apportionment guidelines of West Virginia Code of State Rules § 85-20, Dr. Boone placed Ms. Mays in Category II of Table 85-20-E for a final adjusted rating of 8% whole person impairment of the cervical spine. Regarding the left shoulder, Dr. Boone found a total of 3% whole person impairment for range of motion abnormalities in flexion, extension, abduction, and internal rotation. It was determined that Ms. Mays has a combined total of 11% whole person impairment attributable to her compensable injury of March 15, 2018.

Ms. Mays underwent a third Independent Medical Evaluation with Christopher Martin, M.D., on December 2, 2019. Dr. Martin concluded that she sustained cervical and left shoulder strains as a result of her compensable injury and opined that she had reached maximum medical improvement with 6% whole person impairment for her cervical spine under Table 75 of the AMA *Guides*, and 4% whole person impairment for cervical spine range of motion abnormalities. Because of the report of degenerative findings in her MRI of April 14, 2018, Dr. Martin apportioned all of Ms. Mays's cervical impairment to non-occupational conditions. Regarding her left shoulder, Dr. Martin found 0% permanent partial disability and concluded that she had no ratable whole person impairment for the compensable injury of March 15, 2018.

In a Final Decision dated April 24, 2020, the Office of Judges concluded that Ms. Mays failed to show by a preponderance of the evidence that she has more than 2% permanent partial disability in this claim. The Office of Judges found that the only medical evidence of record recommending more than 2% whole person impairment related to the compensable injury is the Independent Medical Evaluation report of Dr. Boone. However, the Office of Judges determined that Dr. Boone is the only medical evaluator to recommend impairment for sensory deficits

related to cervical sprain. Neither Dr. Thrush nor Dr. Martin found any clinical evidence of sensory deficits during their respective physical examinations of Ms. Mays and the objective diagnostic evidence shows that Ms. Mays has no neurological abnormalities related to the compensable injury. The Office of Judges reasoned that diagnostic imagining establishes pre-existing degenerative conditions of the cervical spine. Dr. Thrush attributed the current cervical symptoms to pre-existing degenerative arthritis and degenerative disc disease, while Dr. Martin apportioned all of Ms. Mays's cervical impairment to pre-existing degenerative conditions. Because Dr. Boone failed to apportion any impairment to pre-existing, non-compensable cervical conditions, the Office of Judges removed his report from consideration of permanent partial disability and affirmed the claims administrator's Order of June 27, 2018. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its decision in an Order dated September 18, 2020.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Therefore, the decision of the Board of Review is affirmed. Dr. Boone's report was determined to be contrary to the weight of the medical evidence and not a credible or reliable source for awarding a permanent partial disability award. Because there is no other credible medical evidence of record to support a finding of an award greater than the 2% permanent partial disability already granted in this claim, the Board of Review's Order is affirmed.

Affirmed.

**ISSUED: February 1, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton

4